DEVIN JAMES BARNETT        \*        **NO. 2025-CA-0609**

VERSUS                      \*        **COURT OF APPEAL**

THE DOMAIN COMPANIES      \*        **FOURTH CIRCUIT**
LLC, DOMAIN COS.
MANAGEMENT LLC,            \*        **STATE OF LOUISIANA**
DOMAIN COMPANIES OF
LOUISIANA, LLC, DOMAIN      \*
SOUTH MARKET, LLC AND
XYZ INSURANCE COMPANY     \*

                             **\* \* \* \* \* \* \***

**LOBRANO, J., CONCURS WITH REASONS**

I respectfully concur in the majority's decision to reverse the district court's judgment and remand this matter for further proceedings. I write separately to emphasize the importance of allowing reasonable discovery where the relevant information regarding a defendant's policies and practices is uniquely within the control of the corporate defendant.

As the majority correctly notes, Plaintiff-Appellant sought discovery concerning the safety policies and procedures of the apartment complex, including corporate documents and a La. C.C.P. art. 1442 deposition of the corporate representative. A motion to compel this discovery was pending and set for hearing on the same date as the motion for summary judgment. Despite this procedural posture, the district court considered only the motion for summary judgment and dismissed Appellant's claims without addressing the outstanding discovery dispute.

This Court has previously cautioned against resolving claims before a plaintiff has had a fair opportunity to obtain information that is solely within the possession of a corporate defendant. In *Ripp v. Walgreen Louisiana Co., Inc.*, 25-0170 (La. App. 4 Cir. 12/4/25), --- So.3d ----, 2025 WL 3490796, this Court recognized that when evidence regarding a corporation's policies and procedures is

1

controlled by the corporation itself, discovery must be permitted before the merits of the claim are adjudicated. As we explained in that case:

> At this juncture, Plaintiff need only allege facts that, if proven, could support the existence of a duty and breach within Louisiana's duty/risk framework. Evidence bearing on foreseeability, prior incidents, and Walgreens' security decisions lies largely within the defendant's control. Denying discovery at this stage would effectively insulate those facts from examination.

*Id.,* 25-0170, p. 7, --- So.3d ----, ----, 2025 WL 3490796, *4.

This principle is particularly important in cases involving allegations that a corporate entity failed to implement reasonable safety measures. Corporate defendants often possess exclusive access to internal policies, training materials, security procedures, and incident response protocols that may bear directly on whether reasonable care was exercised. Allowing summary judgment before such discovery occurs risks insulating those policies from judicial scrutiny.

In the case *sub judice*, the plaintiff specifically sought discovery concerning security policies, prior criminal activity in the area, and the procedures governing the complex's pet policy that allegedly required residents to walk their pets outside the premises. These subjects fall squarely within the type of corporate information that may only be obtained through discovery.

Transparency in corporate practices is an essential component of justice. Courts should not permit parties that control critical information to shield those policies from scrutiny while simultaneously seeking dismissal of claims.

Accordingly, I agree with the majority that the district court abused its discretion in granting summary judgment without first addressing the pending motion to compel and without allowing the requested discovery to proceed. For these reasons, I respectfully concur.

2